UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 19-00206-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AUDREY WILLIAMS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Audrey Williams' ("Williams") Motion for Compassionate Release (Record Document 134). The Government has opposed Williams' motion. See Record Document 136. Williams filed a reply brief. See Record Document 138. For the reasons set forth below, Williams' Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

Beginning in January 2013, Williams and coconspirators created a scheme to defraud Bossier Parish Community College ("BPCC"). See Record Document 116 (Presentence Investigation Report) ("PSR") at ¶ 11. She would recruit individuals to receive money directly from the school. See id. Her co-defendant, Carol Bates ("Bates"), would use her position as the comptroller of BPCC to access the computer system and create a fictitious entry showing that the individual was due a refund from BPCC. See id. Williams and Bates would then instruct the individuals to deliver a portion of the funds to them. See id. They then kept the money for themselves and spent it on personal expenses. See id. In total, Williams and the co-conspirators stole $286,987.08 from BPPC. See id. at ¶ 20.

On September 25, 2019, Williams and three others were charged in a Superseding Indictment with Conspiracy to Commit Wire Fraud in violation of Title 18, United States

Code, Section 1349.  See Record Document 34.  On September 23, 2020, Williams pled guilty to Conspiracy to Commit Wire Fraud.  See Record Documents 90 & 93.  On March 11, 2021, she was sentenced to 48 months imprisonment, 3 years supervised release; and restitution to be paid in the amount of $286,987.08. See Record Documents 126 & 127.

Williams is presently serving her sentence at Dallas RRM.  Her projected release date is November 5, 2023.

## LAW AND ANALYSIS

Williams seeks compassionate release due to various chronic health conditions, including chronic pain, asthma, hypertension, high cholesterol, arthritis, and obesity.  See Record Document 134 at 1-2.  She also references her previous contraction of COVID-19 in March 2020 and being placed on a ventilator at that time.  See id. at 1.  She further notes that she suffered from a stroke in February 2021 that impaired her speech and ability to walk.  See id.  Williams submits that she has long term health issues as a result of contracting COVID-19.  See id.  Such conditions include excessive coughing, severe migraine headaches, dizziness, shortness of breath, and some cognitive impairment.  See id.  Williams also states that in October 2021, she was diagnosed with an enlarged heart.  See id.

In her motion, Williams avers that she "has not gotten vaccinated because of possibly having deadly allergic reactions to the vaccine." Id. at 3.  She goes on to state:

> Also, there has been studies that the vaccines have a low or no success rate among obese persons.  However, Petitioner will obtain the vaccine in a hospital setting if she is granted compassionate release.

Id.  In response, the Government submits medical records from the Bureau of Prisons ("BOP") evidencing Williams refused to receive the COVID-19 vaccination.  See Record

Document 137 at 1. In her reply, Williams states that she "declined an additional vaccination because she had been previously vaccinated prior to reporting to FCI Marianna." Record Document 138 at 1. She attaches medical records to support her vaccination and booster. See Record Document 138-1. She also maintains she is a "COVID long hauler." Record Document 138 at 2.

Generally, courts cannot modify sentences once imposed. See Freeman v. United States, 564 U.S. 522, 526, 131 S.Ct. 522, 2690 (2011); see also 18 U.S.C. § 3582(c). However, this rule is subject to some exceptions. A court may reduce a term of imprisonment upon finding "extraordinary and compelling" circumstances and consideration of the factors set forth in 18 U.S.C. § 3553(a) ("Section 3553(a) factors"). 18 U.S.C. § 3582(c)(1)(A); United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).[1] Should a court find no "extraordinary or compelling reason[ ]" that warrants a reduction in sentence, the court may end its analysis there, but it is not foreclosed from weighing the Section 3553(a) factors to determine whether to grant or deny a defendant's release. See id.

If a court does accept the "extraordinary and compelling reasons" provided in the motion and duly examines the Section 3553(a) factors, then the defendant's sentence should be reduced in accordance with "applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C.§ 3582(c)(2). The policy statement that specifically references Section 3582 is United States Sentencing Guidelines § 1B1.13 ("Section 1B1.13" or the "Guidelines"). It provides that "[u]pon motion of the Director of

---

[1] Before filing a compassionate release motion, prisoners must exhaust their administrative remedies. Here, there is no dispute that Williams has exhausted her administrative remedies and the Court will proceed to the merits. See Record Document 136 at 4.

the [BOP or the defendant]," a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the court finds that "extraordinary and compelling reasons warrant the reduction[;] the defendant is not a danger to the safety of any other person or to the community[; and] the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (2)-(3). "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." United States v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also United States v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); United States v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

Although not binding or dispositive, Section 1B1.13's policy statement in the Guidelines includes commentary specifying the types of medical conditions that could qualify as extraordinary and compelling reasons for sentence reduction. See Thompson, 984 F.3d at 433. First, this standard is met if the defendant is "suffering from a terminal illness[, e.g.,] metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, a defendant also qualifies under this standard if he or she: (1) suffers from a serious physical or medical condition, (2) suffers from a serious functional or cognitive impairment, or (3) experiences deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not

expected to recover. See id., cmt. n.1(A)(ii).  The commentary also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons," including some related to the defendant's age and familial circumstances.  See id., cmt. n.1(B)-(C). Reductions may be appropriate for defendants who are 70 years old and who have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).  See § 1B1.13(1)(B).  The family circumstances courts may consider as an adequate reason for a sentence reduction are limited to the need to care for a defendant's minor children or a spouse or registered partner when no other caregiver is available. See § 1B1.13, cmt. n.1(C). Finally, the commentary recognizes the possibility that BOP could identify other grounds that amount to extraordinary and compelling reasons for sentence modification.  See id., cmt. n.1(D).

Following the passage of the First Step Act of 2018, BOP's director amended its regulations and issued BOP Program Statement 5050.50. The statement sets forth, in detail, BOP's definition of the circumstances that may support a request for compassionate release, which is limited to the same bases the Sentencing Commission identified: serious medical conditions, advanced age, and familial circumstances. Fed. Bur. of Prisons, Program Statement 5050.50 – Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2019).

Williams' motion fails because her COVID-19 related concerns and medical conditions do not constitute extraordinary and compelling reasons under the compassionate release statute.  Williams has received the COVID-19 vaccine and booster.  Courts have routinely denied compassionate release motions on this ground alone. See United States v. Hanner, No. 1:07-cr-10028-01, 2023 WL 1590009, *3 (W.D.

La. Jan. 11, 2023); <u>United States v. Beltran</u>, No. 6:16-4(SSSS)-4, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021); <u>United States v. Isidachomen</u>, No. 3:16-cr-0240-B-4, 2021 WL 243458, at *3 (N.D. Tex. Jan, 25, 2021).  Moreover, the Fifth Circuit has recognized that a general fear of contracting COVID-19 in prison is not an extraordinary and compelling reason warranting relief.  <u>See</u> <u>Thompson</u>, 984 F.3d at 433-34.  The availability of a safe and effective vaccine lessens any argument that the BOP is incapable of managing any COVID-19 contagion such that compassionate release is warranted in this instance.

Additionally, none of the medical conditions referenced by Williams fall within one of the categories specified in the policy statement's commentary.  Even though the policy statement is not binding on this Court, it still provides persuasive guidance as to what constitutes extraordinary and compelling reasons for relief.  <u>See id.</u> at 433.  Williams is not suffering from a terminal illness and the medical records submitted reflect that her medical conditions are being adequately managed by the BOP.

Notwithstanding, even if this Court were to find that Williams had extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a).  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).  The facts and circumstances of the offense of conviction weigh against release in this case.  Williams executed a scheme to defraud a community college out of hundreds of thousands of dollars.  It is this Court's belief that a reduced sentence in this case simply would not be just punishment and would not reflect the seriousness of the offense.  Additionally, a reduced sentence would create disparity with respect to defendants with similar criminal records who have engaged in similar criminal conduct, as co-defendant Bates received a 60-month sentence and is currently serving her sentence in BOP custody.  Her expected release date is also in November 2023.

## CONCLUSION

Based on the foregoing reasons, Williams' Motion for Compassionate Release (Record Document 134) be and is hereby **DENIED**. She has not presented extraordinary and compelling reasons justifying her release, and the relevant Section 3553(a) factors weigh against release.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of April, 2023.

_____
S. Maurice Hicks, Jr.
United States District Judge